UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00243-FDW-DCK

| | | |
|---|---|---|
| LIBERTY MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| UTILIPATH, LLC; UTILIPATH POWER, LLC; BAXTER M. HAYES, II; PATRICIA K. HAYES; BAXTER McCLINDON HAYES, III; TERESA N. HAYES; JARROD TYSON HAYES; and SEREH SABRIPOUR, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on the Individual Defendants' Motion for Reconsideration of the Court's Orders as to Collateral Security. (Doc. No. 116). In December 2014 and January 2015, the Court ordered each of the Individual Defendants to post $266,000 as collateral security. Having ultimately complied with the Court's order, the Individuals filed notice of appeal in December (Baxter M. Hayes, II) and January (Baxter McLindon Hayes, III and Jarrod Tyson Hayes). Now, the Defendants move the Court to reconsider its original order requiring them to post collateral.

By filing an appeal of the very order they asked this Court to reconsider, Defendants have divested this court of jurisdiction. See Mayfield v. National Ass'n for Stock Car Auto Racing, Inc., 2009 WL 2849739, at *1 (W.D.N.C. Sept. 1, 2009). A district court "loses jurisdiction to amend or vacate its order after the notice of appeal has been filed . . . ." Lewis v. Tobacco Workers' Int'l Union, 577 F.2d 1135, 1139 (4th Cir. 1978).

However, the Fourth Circuit has since held that "a district court does retain jurisdiction to entertain a Rule 60(b) motion [to vacate a judgment], even when the underlying judgment is on appeal." <u>Fobian v. Storage Tech. Corp.</u>, 164 F.3d 887, 889 (4th Cir. 1999). "[C]onsiderations of judicial economy and district court expertise suggest that a district court may [have] jurisdiction to grant a Rule 60(b) motion while the underlying judgment is on appeal." <u>Id</u>. at 890. However, in order to avoid two courts exercising jurisdiction over the same matter at the same time, as prohibited by the Supreme Court, the district court is required to "indicate its inclination to grant the motion in writing." <u>Id</u>. at 890-91. The litigants must then seek limited remand from the appellate court to permit the district court to rule on the motion. <u>Id</u>.

<u>Fobian</u> adopted this procedure for Rule 60(b) motions only. The pending motion for reconsideration was filed pursuant to Rule 54(b) (a review of a prior interlocutory order), because Rule 60(b) "affords relief only from a judgment, order, or proceeding which is <u>final</u>." <u>Fayetteville Investors v. Commercial Builders, Inc.</u>, 936 F.2d 1462, 1469 (4th Cir. 1991). In <u>Mayfield</u>, the court stated in a footnote that although <u>Fobian</u> dealt with the appeal of a final order, "the court believes it is still pertinent" to its reconsideration of a preliminary injunction order. <u>Mayfield</u>, 2009 WL 2849739, at *1 n.1. On appeal, the Fourth Circuit granted limited remand in <u>Mayfield</u>, pursuant to <u>Fobian</u>. <u>See</u> <u>Mayfield v. National Ass'n for Stock Car Auto Racing, Inc.</u>, No. 09-1759 (4th Cir. Oct. 23, 2009) (unpublished order).

Thus, pursuant to <u>Mayfield</u> and <u>Fobian</u>, the Court is hereby indicating its inclination to grant Defendant's Motion to Reconsider.

IT IS SO ORDERED.

Signed: April 9, 2015

Frank D. Whitney
Chief United States District Judge